## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| MILLENNIA HOUSING MANAGEMENT, LTD., et al., | ) CASE NO. 1:24-CV-02084 |
| | ) |
| | ) JUDGE DAN A. POLSTER |
| Plaintiff, | ) |
| vs. | ) |
| | ) **EMERGENCY MOTION FOR** |
| UNITED STATES DEPARTMENT OF | ) **INJUNCTION PENDING APPEAL** |
| HOUSING AND URBAN | ) |
| DEVELOPMENT, et al., | ) |
| | ) |
| Defendant. | |

### EMERGENCY MOTION FOR INJUNCTION PENDING APPEAL

### I.    INTRODUCTION

Plaintiffs Millennia Housing Management and all of the other named plaintiffs (collectively, "Plaintiffs" or the "Millennia Parties"), through counsel Benesch, Friedlander, Coplan & Aronoff, respectfully make this emergency motion for an injunction pending appeal, pursuant to Fed. R. App. P. 8(a)(1)(C) and Fed. R. Civ. P. 62(d). Plaintiffs reincorporate in full the facts and arguments set forth in their prior requests for an injunction (Dkt. Nos. 3, 17, 18).  The Millennia Parties respectfully request that this Court enjoin the Department of Housing and Urban Development Office of Hearings and Appeals (respectively, "HUD" and "OHA") from proceeding on the underlying consolidated cases[1] (the "underlying action"), currently set to begin a hearing beginning before that tribunal on June 2, 2025.

---

[1] HUD OHA Case Nos. 24-JM-0150-CM-005; 24-AF-0151-CM-006; 24-AF-0171-CM-008; 24-AF-0172-CM-009; 24-AF-0173-CM-010; 24-AF-0181-CM-011; 24-AF-0182-CM-012; 24-AF-0186-CM-013; 24-AF-0187-CM-014;

Plaintiffs style this an Emergency Motion because resolution of this matter on a typical schedule, first here then at the Sixth Circuit, will cause serious constitutional questions to be decided by mere operation of the calendar, instead of a reasoned judicial analysis of the constitutional matters raised in this case.

The Millennia Parties recognize that this Court has ruled on their requests for an injunction, but file this motion for three reasons.  First, Fed. R. App. P. 8(a)(1)(C) requires a party to move first in the district court for an injunction pending appeal, and prior denial of an injunction before the district court does not excuse such filing.  *Horwitz v. United States Dist. Court for the Middle Dist. of Nashville Div.*, 2025 U.S. App. LEXIS 6902, at *2 (6th Cir. Mar. 24, 2025) ("[T]he reality that a motion may have a slim chance of success does not make seeking relief [for injunction pending appeal] impracticable.").  Second, subsequent to this Court's denial of the Millennia Parties' motion for summary judgment and entry of summary judgment in favor of the United States, the presiding Administrative Law Judge ("ALJ") in the underlying action denied the Millennia Parties' motion for a six month stay to allow the appeals process in this case to play out.[2]  That ruling confirms that, even as the federal courts try to resolve the complex constitutional questions raised in this case and others, HUD will conduct the very hearing to which

_____

24-AF-0188-CM-015;  24-AF-0189-CM-016;  24-AF-0194-CM-017;  24-AF-0215-CM-018;  24-AF-0216-CM-019; 24-AF-0223-CM-020; 24-AF-0224-CM-021

[2] The Millennia Parties have also filed a request to the HUD OHA to certify the denial of the motion to stay for appeal to the Secretary of Housing and Urban Development.  The presiding ALJ has not ruled upon the request for certification.

Plaintiffs object.  That course of action would foreclose any chance at true prospective relief, as Plaintiffs request.

Third, this motion requests different relief than the Millennia Parties' prior requests for injunction.  Unlike the previous requests for injunction, this is just an injunction *pending appeal*.  It is only meant to temporarily preserve the status quo while the Sixth Circuit decides the appeal.  The injunction would aid the effectiveness and relevance of the appellate process by removing the instant time pressure, and is of a shorter time horizon than the prior requests in this matter.  Granting this request would ensure that reasoned judicial analysis will decide all issues in this case, and not the calendar.

Plaintiffs have conferred with the Government on this motion, and the Government opposes.

## II.    LEGAL STANDARDS

This Court has jurisdiction to issue an injunction pending appeal, even though an appeal has been docketed with the Sixth Circuit.  *Williamson v. Recovery Ltd. Partnership*, 731 F.3d 608, 626 (6th Cir. 2013) (district court retains power to proceed with matters that will aid the appellate process, and an injunction pending appeal aids the appellate process).

When considering a motion for an injunction pending appeal under Civil Rule 62(d) and Appellate Rule 8, courts apply a test similar to that used in evaluating a motion for a preliminary injunction.  Specifically, courts consider

> (1) the likelihood that the party seeking the stay will prevail on the merits of the appeal; (2) the likelihood that the moving party will be irreparably harmed absent a stay; (3) the prospect that others will be harmed if the court grants the stay; and (4) the public interest in granting the stay.

*Coal. to Defend Affirmative Action v. Granholm*, 473 F.3d 237, 243-44 (6th Cir. 2006); *see also*

*Dayton Christian Sch. v. Ohio Civil Rights Com.*, 604 F. Supp. 101, 103 (S.D. Ohio 1984);

*Washington Area Transit Commission v. Holiday Tours*, Inc., 559 F.2d 841 (D.C. Cir. 1977).

The Sixth Circuit has held that

> These factors are not prerequisites that must be met, but are interrelated considerations that must be balanced together . . . To justify the granting of a stay . . . a movant need not always establish a high probability of success on the merits . . . The probability of success that must be demonstrated is inversely proportional to the amount of irreparable injury plaintiffs will suffer absent the stay. Simply stated, more of one excuses less of the other. This relationship, however, is not without its limits; the movant is always required to demonstrate more than the mere "possibility" of success on the merits . . . For example, even if a movant demonstrates irreparable harm that decidedly outweighs any potential harm to the defendant if a stay is granted, he is still required to show, at a minimum, serious questions going to the merits.

*A. Philip Randolph Inst. v. Husted*, 907 F.3d 913, 918–19 (6th Cir. 2018) (internal citations omitted); *see also In re DeLorean Motor Co.*, 755 F.2d 1223, 129-30 (6th Cir. 1985) (in context of request for request for preliminary injunction, granting is still appropriate where the plaintiff shows "serious questions going to the merits and irreparable harm which decidedly outweighs any potential harm to the defendant" or if "the merits present a sufficiently serious question to justify further investigation.").  Thus, this Court's recent denial of Plaintiffs' request for a permanent injunction and motion for summary

judgment (Dkt. No. 23) does not foreclose granting an injunction pending appeal under Rule 62(d).

## III.   ARGUMENT

Given the similarity in standards for an injunction pending appeal and the previous motions for injunction in this Court, Plaintiffs fully incorporate the merits arguments set forth in their prior requests for an injunction (Dkt. Nos. 3, 18).  Plaintiffs acknowledge that this Court has ruled on those requests (Dkt. No. 23), but assert that they warrant different consideration in the context of the pending appeal and the limited duration of a requested injunction.

Plaintiffs satisfy all four factors from *Granholm*, 473 F.3d at 243-44.  Even if the Court finds that Plaintiffs have a low chance of success on the merits, the other three prongs weigh strongly for Plaintiffs, and warrant an injunction pending appeal given the serious legal questions raised.

On the merits, Plaintiffs are confident that the federal courts will ultimately side with their position: The HUD OHA proceedings belong in a federal district court, Plaintiffs have a right to have their case be decided by a jury, and Plaintiffs have a right to only appear before an ALJ whose tenure is subject to constitutionally permissible discretion and who is subject to proper Presidential accountability.  The Sixth Circuit is not bound by prior findings in *Calcutt v. FDIC*, 37 F.4th 293 (6th Cir. 2022) or *YAPP USA Auto. Sys. v. NLRB*, No. 24-1754, 2024 WL 4489598 (6th Cir. Oct. 13, 2024) in the same way that this Court was bound.  And the Sixth Circuit will also review this Court's merits question with the benefit of other circuit Courts' rulings and potential Supreme Court

decisions thereupon.  In short, for these reasons and those stated in Plaintiffs' previous requests for an injunction against HUD OHA's hearing going forward, *see* Dkt. Nos. 3 and 18, Plaintiffs have a high likelihood of success on the merits.

Without the injunction pending appeal, Plaintiffs will suffer irreparable harm.  The case presents important questions on how to apply recent Supreme Court precedents like *Collins v. Yellen*, 594 U.S. 220 (2020), *Axon Enter. v. FTC*, 598 U.S. 175 (2023), *Seila Law v. CFPB*, 591 U.S. 197 (2020), *SEC v. Jarkesy*, 603 U.S. 109 (2024), and others.  But if the hearing goes forward on June 2, Plaintiffs' request for prospective relief will be gone, potentially permanently.  If Plaintiffs win before HUD OHA, there will be nothing to appeal but Plaintiffs will have been through an entire proceeding that should never have happened. If Plaintiffs lose before HUD OHA, then Plaintiffs will only be able to request retrospective relief but will never be able to ask *not* to be subject to a jury-free hearing before an unconstitutionally protected ALJ.  It will have already happened.  The questions of whether the hearing, itself (as opposed to its outcome) is a harm, will be in the past, and functionally decided.[3]

The Government will suffer no harm if the HUD proceedings are enjoined pending appeal.  The allegations concern events from 2022-2023, and no ongoing conduct.  HUD will be able to put on the same case if it is brought a few months from now and the evidence is largely documentary.  The few witnesses who will appear are either Government employees or under the Millenia Parties' control.  They will all be just as

---

[3] Plaintiffs do not concede that holding the hearing renders Plaintiff's request for prospective relief moot.  A case is not moot if it is capable of repetition.

available as they are now.  Indeed, an injunction pending appeal would benefit HUD OHA, in that it will not conduct an entire hearing with the prospect that a federal court may rule the whole thing unconstitutional after the fact (or in the middle of it). Ultimately, the HUD case could happen June 2, or July 2, or January 2, 2026 and it would look the same.

The public interest will be served by granting an injunction pending appeal.  As a preliminary matter, Plaintiffs allege constitutional harms and the public always has an interest in seeing the Constitution get upheld.  *Bays v. City of Fairborn*, 668 F.3d 814, 825 (6th Cir. 2012) (citing *Déjà vu of Nashville, Inc. v. Metro. Gov't of Nashville and Davidson Cnty.*, 274 F.3d 377, 400 (6th Cir. 2001)).  If Plaintiffs are right, the public needs the Constitution to be upheld in real time, not after the fact.  And this case addresses unexpectedly novel questions that need answers, like whether a plaintiff objecting to the Government's imposition of power through an admitted constitutional violation can stop that imposition of power before the government finishes imposing it.  The questions of separation of powers, the supervision of executive officials, and the extent of the Seventh Amendment rights are no less weighty.  The public suffers no harm from seeing that parties get all of their constitutional rights throughout judicial process.  The counter example, of imposing executive authority without boundaries and telling the subject parties to ask courts for after-the-fact redress, is not positive.

Plaintiffs will face HUD's claims no matter who wins.  The HUD case could always have been brought in a federal district court.  The only difference between granting or not granting the injunction, is whether Plaintiffs will face the HUD case with the public

knowing conclusively that the Constitution is being followed, or having it happen under a cloud brought about by the Supreme Court and other courts' rulings that suggest agency fora like HUD OHA are unconstitutional.

This case raises important and serious legal questions that are percolating through federal courts across the country.  Those questions are not yet settled but their prevalence speaks to their importance.  In analogous cases, other district courts applying *Thunder Basin* have held that they do have subject matter jurisdiction to hear Article III and Seventh Amendment challenges to ongoing agency proceedings. *See Cochran v. U.S. Sec. & Exch. Comm'n*, 20 F.4th 194, 212 (5th Cir. 2021) (removal claim ripe for judicial review); *Burgess v. FDIC*, 639 F. Supp. 3d 732, 736 (N.D. Tex. 2022) (finding subject matter jurisdiction and granting plaintiff preliminary injunction on Seventh Amendment grounds).  Similarly situated parties in other courts have won claims that internal agency tribunals violate the Seventh Amendment, and that the public rights exception is not invoked just because Congress puts a legislative gloss on a common law action seeking money damages as a punishment for breach. *AT&T, Inc. v. Fed. Commc'ns Comm'n* 135 F.4th 230, 238-41 (5th Cir. 2025).  Similarly situated parties in other jurisdictions have also prevailed where courts held that ALJs with multi-layer removal protection are unconstitutionally insulated, *see, e.g.*, *Space Exploration Techs. Corp. v. NLRB*, 741 F. Supp. 3d 630, 640-41 (W.D. Tex. 2024), and that ALJs are inferior executive officers who do exercise policymaking authority. *Lucia v. SEC*, 585 U.S. 237, 249 (2018) (SEC ALJs are inferior officers); *see also Associated Mortg. Bankers, Inc. v. Carson*, 2019 WL 108882, *5 (D.D.C. Jan. 4, 2019) (HUD ALJs sufficiently mirror the characteristics of the SEC's ALJs

such that they too are inferior officers). Last, other courts have held that, where an agency exercises unconstitutional authority, a here-and-now injury for jurisdictional purposes is an injury that can be compensated after adjudication on the merits. *See, e.g., Seton v. Nat'l Lab. Rels. Bd*, 2024 WL 4678057, at *2 (W.D. Tex. Oct. 18, 2024) ("This Court takes the *Axon* Court at its word when it stated that 'being subjected to' 'a proceeding by an unaccountable ALJ' is an injury that 'cannot be undone . . . [a] harm that 'cannot be undone' is by definition irreparable.); *Walmart Inc. v. King*, 2024 WL 1258223, at *4 (S.D. Ga. Mar. 25, 2024) (granting injunctive relief and finding being subjected to illegitimate proceedings by an illegitimate decisionmaker is a here-and-now injury and impossible to remedy once the proceeding is over).

Administrative law is in flux.  Plaintiffs, trying to defend themselves in a pending agency action, but must do so in the absence of settled law governing those claims.  An injunction pending appeal would merely give time for Plaintiffs to face the HUD claims under a settled legal regime.

WHEREFORE Plaintiffs respectfully ask that this Court grant an injunction pending appeal, preventing HUD OHA from conducting the hearing on the underlying action, set to begin on June 2, 2025.

May 19, 2025

Respectfully submitted,

s/ Johanes Maliza
JOHANES MALIZA (0086875)
MATTHEW RIDINGS (0079402)
MARISA T. DARDEN (0074258)
BENESCH, FRIEDLANDER, COPLAN &
ARONOFF LLP
127 Public Square, Suite 4900

Cleveland, Ohio 44114
Telephone:  216.363.4500
Facsimile:  216.363.4588
Email:        mridings@beneschlaw.com
               mdarden@beneschlaw.com
               jmaliza@beneschlaw.com

*Attorneys for Plaintiffs*

CERTIFICATE OF SERVICE

I hereby certify that on May 19, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's system.

s/ Johanes Maliza