# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| MILLENNIA HOUSING MGMT., *et al.*, ) | CASE NO. 1:24-cv-02084 |
| Plaintiffs, ) | |
| ) | |
| ) | JUDGE DAN AARON POLSTER |
| v. ) | |
| ) | |
| UNITED STATES DEPARTMENT OF ) | |
| HOUSING AND URBAN DEVELOPMENT, ) | **ORDER** |
| *et al.*, ) | |
| ) | |
| Defendants. ) | |

Before the Court is Plaintiffs'[1] Emergency Motion for Injunction Pending Appeal ("Emergency Motion"), ECF 28, of this Court's Memorandum Order & Opinion granting summary judgment in favor of the Department of Housing and Urban Development ("HUD"),[2] ECF 23. In the Emergency Motion, Plaintiffs seek an injunction halting the underlying agency proceeding, which is currently scheduled to begin on June 2, 2025. Plaintiffs filed the Emergency

---

[1] Cherry Estates LP; Cherry Estates Investment, LLC; Flushing Elmcrest Limited Dividend Housing Association Limited Partnership; Elmcrest Investment, LLC; Covenant Apartments LP; Covenant Apartments Investment, LLC; Covenant Project, LLC; Bethel Tower Limited Dividend Housing Association Limited Partnership; Bethel Tower Investment, LLC; Trail West, Ltd.; Trail West Investment, LLC; Trail West Housing Partners, Inc.; Robinson Heights Apartments I, LP; Robinson Heights Apartments Investment I, LLC; Hickory Creek Estates, Ltd.; Hickory Creek Estates Investment, LLC; Sherman Thompson OH, TC, L.P.; Sherman Thompson Towers Investment, LLC; Highland Place Associates I, Ltd.; Highland Place Investment I, LLC; Petosky Riverview Limited Dividend Housing Association Limited Partnership; Petoskey Riverview Investment, LLC; Oakdale Estates, Ltd.; Oakdale Estates II Investment, LLC; Oakdale Estates Investment GP, LLC; Oakdale Estates Investment LLC; Morning Star Tower, Ltd.; Morning Star Tower Investment, LLC; International Towers I Ohio, Ltd.; International Tower Investment I, LLC; YMHA Housing Preservation, LLC; Kingsbury Tower I, Ltd; Kingsbury Tower Investment I, LLC; Hunter's Run Investment, LLC; Halton HR Investors, LLC; HWFB HR Investment, LLC; Halton Springs Investments, LLC; Millennia Housing Management, Ltd. ("Millennia Housing Management") (collectively, "Millennia Companies"); and Frank Sinito (collectively, "Plaintiffs").

[2] Plaintiffs in this case are also suing the HUD Office of Hearings and Appeals ("OHA"), the current Acting Secretary of HUD, the Assistant Secretary for Housing, Federal Housing Commissioner, general counsel for HUD, and Alexander Fernandez-Pons in his official capacity as an ALJ at HUD. Since all individual defendants are government employees being sued in their official capacities as HUD officials, this Order will collectively refer to all defendants as "HUD" or "the Government" for ease of reference

Motion on May 19, 2025, and the Government filed its response in opposition on May 21, 2025, ECF 29. Plaintiffs informed this Court that same day that they did not intend to file a reply. ECF 30. For the reasons discussed below, this Court **DENIES** Plaintiffs' Emergency Motion.

I. **LEGAL STANDARD**

The standard of review for an injunction pending appeal is "[m]uch like the standard for determining whether to issue a preliminary injunction." *Coal. to Defend Affirmative Action v. Granholm*, 473 F.3d 237, 244 (6th Cir. 2006). This Court must consider: "(1) the likelihood that the party seeking the stay will prevail on the merits of the appeal; (2) the likelihood that the moving party will be irreparably harmed absent a stay; (3) the prospect that others will be harmed if the court grants the stay; and (4) the public interest in granting the stay." *Id.*; *see also Hilton v. Braunskill*, 481 U.S. 770, 776 (1987). This is an "extraordinary remedy" that is granted only "upon a clear showing" that plaintiff is "entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008) (citation omitted).

II. **ANALYSIS**

On the likelihood of success on the merits, Plaintiffs' argument is more or less a restatement of their arguments in their Motion for Preliminary Injunction ("Seventh Amendment Argument"), ECF 3, and their Motion for Summary Judgment and Permanent Injunction ("Article II Argument"), ECF 18. It is not enough to simply state that "Plaintiffs are confident that the federal courts will ultimately side with their position." ECF 28 at 5; *see also A. Philip Randolph Inst. v. Husted*, 907 F.3d 913, 918–19 (6th Cir. 2018) (noting that the movant is "always required to demonstrate more than a mere 'possibility' of success on the merits"). Further, it is incorrect to state that "[t]he Sixth Circuit is not bound by prior findings in *Calcutt v. FDIC*, 37 F.4th 293 (6th Cir. 2022) . . . in the same way that this Court was bound." ECF 28 at 5. There is clear, longstanding

2

precedent that "a published decision of the [appellate] court is binding on subsequent panels unless an 'inconsistent decision of the United States Supreme Court requires modification of the decision or [the Sixth Circuit] sitting en banc overrules the prior decision.'" *United States v. Clinton*, 338 F.3d 483, 489 (6th Cir. 2003) (quoting *United States v. Smith*, 73 F.3d 1414, 1418 (6th Cir.1996)). While of course the Sixth Circuit could convene *en banc* and decide to overturn *Calcutt*, this factor weighs against granting an injunction pending appeal.

Next this Court considers the likelihood Plaintiffs will suffer "irreparable harm" if an injunction is not granted. On this, Plaintiffs advance the same injury argument they previously advanced in their Seventh Amendment Argument and Article II Argument: that the purported harm is being subjected to an allegedly unconstitutional agency proceeding before an Administrative Law Judge ("ALJ"). *Compare* ECF 28 at 6-7, *with* ECF 18 at 4-10 and ECF 22 at 2-5. The Court has already heard and addressed this argument. *See* ECF 23 at 32-33. Plaintiffs have provided no new argument for the Court to reconsider its previous analysis.

To the extent that Plaintiffs are also arguing that the costs of having to participate in the agency proceeding are an "irreparable harm," this also fails. The Supreme Court has made it clear that "[m]ere litigation expense, even substantial and unrecoupable cost, does not constitute irreparable injury." *Renegotiation Bd. v. Bannercraft Clothing Co.*, 415 U.S. 1, 24 (1974) (citation omitted). Additionally, as the Government points out, the vast majority of the substantive work in the agency proceeding is already completed. *See* ECF 29 at 3-4. Any remaining costs associated with the proceeding would be relatively minimal, especially considering "the extensive admissions and factual stipulations already in the [administrative] record in this matter." *Id.* at 4. If not even "substantial and unrecoupable cost[s]" are sufficient to constitute an irreparable injury, then any

3

future costs incurred by Plaintiffs in the agency proceeding will also fail to meet the high threshold. Accordingly, this factor also weighs against granting an injunction pending appeal.

Third, the Court looks to whether others will be harmed if it grants the injunction. Plaintiffs argue that the Government will suffer no harm because "[t]he allegations concern events from 2022-2023, and no ongoing conduct." ECF 28 at 6. And since the evidence is largely documentary, "the HUD case could happen June 2, or July 2, or January 2, 2026[,] and it would look the same." *Id.* at 6-7. However, Plaintiffs ignore that this factor is not just about the harm to the other parties to the case. In the underlying complaints, HUD alleges that Plaintiffs have improperly dispersed funds without HUD approval in violation of Section 537 of the HUD Reform Act. *See* 12 U.S.C. § 1735f-15(c)(1)(B)(ii). This statute was passed as part of a "self-consciously novel" regulatory scheme to allow HUD "to step in after a violation has occurred, but before the property has deteriorated to the point of being worthless" and can seriously harm tenants living at these properties. ECF 23 at 19-20 (cleaned up). The only thing protecting tenants from continuing to suffer harm is the HUD proceeding. An injunction pending appeal of the federal litigation could allow the violations to continue and harm the tenants. This factor cannot weigh in Plaintiffs' favor, and almost certainly weighs against granting an injunction.

Finally, the Court looks at the public interest in granting the injunction. Again, Plaintiffs' argument relies exclusively only the potential harm caused by the alleged constitutional violations, noting that "the public always has an interest in seeing the Constitution get upheld" and "the public suffers no harm from seeing that parties get all of their constitutional rights throughout judicial process." ECF 28 at 7 (citation omitted). At the same time, though, "the public has a strong interest in HUD carrying out its functions" and "promptly penalizing violators to protect its mortgage-insurance program." ECF 29 at 4-5 (quotation omitted). And the longer these agency proceedings

4

are ongoing, the more taxpayer dollars are spent on the effort, which is always something of interest to the public. At best, this factor is neutral on whether to grant an injunction.

### III. CONCLUSION

Considering all four of the required factors, one factor is, at best, neutral and the other three factors all weigh against granting an injunction pending appeal. Accordingly, Plaintiffs' Emergency Motion is **DENIED**.

**IT IS SO ORDERED.**

Dated: May 22, 2025      */s/ Dan Aaron Polster*
United States District Judge